UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Sonic Foundry, Inc.
222 West Washington Ave
Madison, Wisconsin  53703,

        Plaintiff,

   v.

Astute Technology, LLC
11718 Bowman Green Drive
Reston, Virginia  20190,

        Defendant.

Case No. 13-cv-87

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Sonic Foundry, Inc. ("Sonic Foundry") files this complaint for declaratory judgment against defendant Astute Technology, LLC ("Astute") and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for declaratory judgment of non-infringement and invalidity of three (3) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

### PARTIES

2.    Plaintiff Sonic Foundry, Inc. is a corporation organized and existing under the laws of the State of Maryland and having its principal place of business at 222 West Washington Avenue, Madison, Wisconsin  53703.

4814-6792-9618

3. On information and belief, Astute Technology, LLC is a limited liability company existing under the laws of the state of Virginia and having its principal place of business at 11718 Bowman Green Drive, Reston, Virginia 20190 and is doing business in this District.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

5. Sonic Foundry and Astute are competitors in the provision of multimedia webcasting equipment and services. Sonic Foundry's Mediasite product competes directly with Astute's products and services.

6. Astute has directed its business activities to the Western District of Wisconsin by making offers for sale to Sonic Foundry. In June of 2012, a representative for Astute contacted Sonic Foundry's Chief Executive Officer and offered a "Patent Asset Sale Opportunity" to Sonic Foundry to two Astute patents. Notably, this was not merely an offer to license the patents, but rather an offer for sale of assets relating to two U.S. patents and all rights to a third pending U.S. Patent Application.

7. Upon information and belief, users and customers of Astute's online Net.SCORE, Conference.CAST, and Phone.CAST products are located in the Western District of Wisconsin (*See*, *e.g.*, http://www.astutetech.com/products.html).

8. On October 26, 2012, Astute filed a complaint for patent infringement against Learners Digest International, LLC ("LDI"), a customer of Sonic Foundry, in the Eastern District of Texas, which is attached as Exhibit A.

9. Astute purports to own rights in three United States Patents: U.S. Patent Nos. 6,789,228; 7,689,898; and 8,286,070 (collectively, the "Patents-in-Suit"). (*See* Exhibit A.)

10. The Patents-in-Suit are all generally directed to methods and systems for capturing live presentations. (*See* Exhibits B, C, and D.)

11. Astute has accused LDI of infringing the Patents-in-Suit for offering "systems and methods of capturing live presentations" including through the accused "iScience" meeting on demand system. (*See* Exhibit A at 3-5.)

12. However, LDI contracts with Sonic Foundry for the provision of technology and services for capturing live presentations through Sonic Foundry's Mediasite product offering. Sonic Foundry's Mediasite platform provides 100% of the accused functionality, including the capturing of presentations on equipment owned or leased by Sonic Foundry by employees or contractors of Sonic Foundry. Recorded presentations are stored on Sonic Foundry systems and eventually provided to end users through websites hosted by Sonic Foundry. This means that even LDI's customers who may purchase access to recorded content through LDI are actually accessing media stored and provided by Sonic Foundry, not LDI.

13. No LDI employees, and no LDI equipment or technology, is involved in the capture, storage, or online distribution of content for meetings or presentations that LDI has requested Sonic Foundry to capture.

14. Sonic Foundry agrees to indemnify all customers who may be subject to claims of patent infringement due to the use of Sonic Foundry's products or services, and Sonic Foundry has agreed to and is indemnifying LDI in regards to the lawsuit brought by Astute regarding the Patents-in-Suit.

15. The lawsuit by Astute against LDI confirms Astute's ability and willingness to file suit against Sonic Foundry's products and services.

16. At the time of filing suit, Astute was aware that the entirety of the accused products and methods provided by LDI were provided by Sonic Foundry.

17. As demonstrated by the lawsuit filed by Astute against LDI over Sonic Foundry's products and services, in combination with the fact that Sonic Foundry has agreed to indemnify customers and the fact that the accused products are entirely provided by Sonic Foundry, Sonic Foundry has an adverse legal interest with respect to Astute and the Patents-in-Suit in this action.

18. Sonic Foundry's products and services have not and do not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

19. A substantial controversy exists between Sonic Foundry and Astute of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THE PATENTS

20. U.S. Patent No. 6,789,228 ("the '228 Patent") is entitled "Method and System for the Storage and Retrieval of Web-Based Education Materials," and bears an issuance date of September 7, 2004. A copy of the '228 Patent is attached as Exhibit B.

21. U.S. Patent No. 7,689,898 ("the '898 Patent") is entitled "Enhanced Capture, Management and Distribution of Live Presentations," and bears an issuance date of March 30, 2010. A copy of the '898 Patent is attached as Exhibit C.

22. U.S. Patent No. 8,286,070 ("the '070 Patent") is entitled "Enhanced Capture, Management and Distribution of Live Presentations," and bears an issuance date of October 9, 2012. A copy of the '070 Patent is attached as Exhibit D.

4

## COUNT I
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,789,228

23. Sonic Foundry repeats and realleges the allegations in paragraphs 1-22 as though fully set forth herein.

24. Sonic Foundry has not infringed, and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '228 Patent.

25. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

26. A judicial declaration is necessary and appropriate so that Sonic Foundry may ascertain its rights regarding the '228 Patent.

## COUNT II
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,789,228

27. Sonic Foundry repeats and realleges the allegations in paragraphs 1-26 as though fully set forth herein.

28. The claims of the '228 patent are invalid for failure to meet the conditions of patentability of, or otherwise comply with, 35 U.S.C. §§ 101, 102, 103, and 112.

29. For example, the claims of the '228 patent are at least invalid under 35 U.S.C. §§ 102 or 103 due to the prior art of record in the prosecution histories of the Patents-in-Suit.

30. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

31. A judicial declaration is necessary and appropriate so that Sonic Foundry may ascertain its rights regarding the '228 Patent.

## COUNT III
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,689,898

32. Sonic Foundry repeats and realleges the allegations in paragraphs 1-31 as though fully set forth herein.

33. Sonic Foundry has not infringed, and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '898 Patent.

34. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

35. A judicial declaration is necessary and appropriate so that Sonic Foundry may ascertain its rights regarding the '898 Patent.

## COUNT IV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,689,898

36. Sonic Foundry repeats and realleges the allegations in paragraphs 1-35 as though fully set forth herein.

37. The claims of the '898 patent are invalid for failure to meet the conditions of patentability of, or otherwise comply with, 35 U.S.C. §§ 101, 102, 103, and 112.

38. For example, the claims of the '898 patent are at least invalid under 35 U.S.C. §§ 102 or 103 due to the prior art of record in the prosecution histories of the Patents-in-Suit.

39. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

40. A judicial declaration is necessary and appropriate so that Sonic Foundry may ascertain its rights regarding the '898 Patent.

## COUNT V
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,286,070

41.     Sonic Foundry repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

42.     Sonic Foundry has not infringed, and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '070 Patent.

43.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

44.     A judicial declaration is necessary and appropriate so that Sonic Foundry may ascertain its rights regarding the '070 Patent.

## COUNT VI
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,286,070

45.     Sonic Foundry repeats and realleges the allegations in paragraphs 1-44 as though fully set forth herein.

46.     The claims of the '070 patent are invalid for failure to meet the conditions of patentability of, or otherwise comply with, 35 U.S.C. §§ 101, 102, 103, and 112.

47.     For example, the claims of the '070 patent are at least invalid under 35 U.S.C. §§ 102 or 103 due to the prior art of record in the prosecution histories of the Patents-in-Suit.

48.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

49.     A judicial declaration is necessary and appropriate so that Sonic Foundry may ascertain its rights regarding the '070 Patent.

4814-6792-9618

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b)(1), plaintiff Sonic Foundry, Inc. demands a trial by jury of all issues triable by jury in this matter.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Sonic Foundry respectfully requests that judgment be entered in favor of Sonic Foundry and prays that the Court grant the following relief to Sonic Foundry:

A. A declaration that Sonic Foundry has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit;

B. A declaration that one or more claims of the Patents-in-Suit is invalid for failing to meet the conditions of patentability required by 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112;

C. An order declaring that Sonic Foundry is a prevailing party and that this is an exceptional case, awarding Sonic Foundry its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D. Such other and further relief as this Court may deem just and proper.

Dated this 5th day of February, 2013.

        s/Allen A. Arntsen
        Allen A. Arntsen (SBN 1015038)
        aarntsen@foley.com
        Connor A. Sabatino (SBN 1074318)
        csabatino@foley.com
        **FOLEY & LARDNER LLP**
        150 E. Gilman Street
        P.O. Box 1497
        Madison, WI 53701-1497
        Phone: (608) 258-4293
        Fax: (608) 258-4258
        Email: aarntsen@foley.com

        Ruben J. Rodrigues
        rrodrigues@foley.com
        **FOLEY & LARDNER LLP**
        321 N. Clark Street
        Suite 2800
        Chicago, IL 60654-5313
        Phone: (312) 832-4500
        Fax: (312) 832-4700

        *Attorneys for Plaintiff, Sonic Foundry, Inc.*

4814-6792-9618