# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

**SONIC FOUNDRY, INC.,**
        **Plaintiff,**

   v.                                                                       Case No.  13-CV-00087

**ASTUTE TECHNOLOGY, LLC,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff Sonic Foundry, Inc. sues defendant Astute Technology, LLC for a declaratory judgment of non-infringement and invalidity of three United States patents under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. Defendant moves to dismiss the case for lack of personal and subject matter jurisdiction, or, in the alternative, to transfer it to the Eastern District of Texas so it can be consolidated with *Astute Technology, LLC v. Learners Digest International, LLC*, Case No. 12-CV-689 (E.D. Tex.). Before I can consider any other issues, I must decide whether I have personal jurisdiction over defendant.

Defendant is a limited liability company organized under the laws of and based in Virginia. It is in the business of recording live presentations and making them available for later viewing online. The three patents at issue in this case are for methods of capturing and distributing copies of live presentations. Plaintiff alleges that defendant has several contacts with Wisconsin. First, it alleges that in June 2012 defendant contacted plaintiff at its headquarters in Wisconsin and offered to sell plaintiff all three of its patents because plaintiff's services are similar to defendant's. Second, plaintiff alleges that defendant has

sold copies of its recorded presentations to Wisconsin customers. Defendant admits this allegation, but claims that only 0.18% of its sales over the past two years were to customers with Wisconsin addresses. Finally, plaintiff alleges that defendant has purposefully targeted Wisconsin residents for other purposes. As an example, plaintiff points to the "Keep America Fishing" website, which appears to be hosted by defendant. The site says that Keep America Fishing is an organization dedicated to preserving Americans' right to sustainably fish our nation's waterways. It asks people living in Wisconsin and other Midwestern states to take action to protect their right to fish and to donate to the organization. *See* Keep America Fishing, "Great Lakes & Upper Midwest Region," http://keepamericafishing.astutetech.com/action_midwest.html. Defendant makes no effort to respond to this allegation, so the relationship between this organization and defendant is unclear.

To determine whether I have personal jurisdiction over defendant, I must first decide whether jurisdiction exists under Wisconsin's long-arm statute, and then decide whether the assertion of personal jurisdiction would be consistent with the constitutional requirement of due process. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *see also Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368 (Fed. Cir. 2010) (holding that Federal Circuit law governs disputes over personal jurisdiction in patent cases). Plaintiff argues that the Wisconsin long-arm statute allows me to exercise jurisdiction over defendant because defendant conducts a substantial amount of business in this state. It points to Wis. Stat.

§ 801.05(1)(d), which permits a Wisconsin court to exercise jurisdiction over a defendant who is "engaged in substantial and not isolated activities within this state."

Based on the record before me, I am unable to determine whether personal jurisdiction over defendant exists under § 801.05(1)(d). In the event that I find that the evidence is inconclusive, plaintiff asks for the opportunity to conduct jurisdictional discovery. I can grant such discovery if a plaintiff establishes a colorable or prima facie showing of personal jurisdiction. *See Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *see also Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'") (quoting *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)). I conclude that plaintiff has satisfied this requirement. Therefore, I will grant its request. Plaintiff can use discovery to clarify how many recordings of presentations defendant has sold to Wisconsin residents, how those sales were made, and whether defendant has provided any other services or conducted any other activities in Wisconsin.

**THEREFORE, IT IS ORDERED** that the parties have until **August 15, 2013** to conduct jurisdictional discovery.

**IT IS FURTHER ORDERED** that plaintiff has until **September 3, 2013** to submit a supplemental brief addressing the issue of personal jurisdiction, and defendant has until **September 17, 2013** to submit a reply brief.

Dated at Milwaukee, Wisconsin, this 1st day of July 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge